# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GABE PLACIDE,

          Plaintiff,

v.

ROADRUNNER TRANSPORTATION SERVICES INC., DOE CORPORATION 1–10, and JOHN DOE 1–10,

          Defendants.

Case No. 21-CV-1004-JPS

**ORDER**

      On June 7, 2022, plaintiff Gabe Placide ("Placide") filed an amended complaint in this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Truth-in-Leasing Act ("TILA"), 49 U.S.C. § 14704, Wisconsin wage and hour law, Wis. Stat. §§ 104.01 and 109.01, and common-law unjust enrichment. ECF No. 35. The defendants in this case are Roadrunner Transportation Services, Inc. ("Roadrunner"), ten yet-unnamed John Doe corporations who "comprise part of Roadrunner's operation," and ten yet-unnamed John Does who "qualify as 'employers' of Plaintiff" (collectively, "Defendants"). *Id.* at 7. Placide seeks to bring his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). *Id.* at 20–21.[1]

      On May 23, 2022, Placide filed a motion for conditional certification of his FLSA claim as a collective action and for authorization to send notice

---

[1] Placide seeks to bring his TILA and Wisconsin law claims as class actions pursuant to Federal Rule of Civil Procedure 23, *see* ECF No. 35 at 22–27, but does not seek class certification on those claims at this time.

of that action to members of the putative collective. ECF No. 31. Placide seeks conditional certification of an FLSA collective comprising

> All current and former drivers who were classified by Defendants as 'independent contractors' through the Independent Contractor Operating Agreement (ICOA and 'Owner-Operator Agreement') during the period commencing three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action.

ECF No. 32 at 1. The motion is now fully briefed. For the reasons stated below, Placide's motion for conditional certification of the FLSA claim as a collective action and to send notice thereto, ECF No. 31, will be denied without prejudice.

1. **RELEVANT FACTS**[2]

Roadrunner engages commercial truck drivers to provide freight transportation services across the country. Some of its drivers are classified as employees, while other drivers are classified as independent contractors or "owner-operators" (in the company's parlance) and sign Independent Contractor Operating Agreements ("ICOAs") with Roadrunner. Under the ICOA, the "owner-operator" driver leases his or her truck to Roadrunner for the purpose of delivering freight loads to Roadrunner's customers. If a driver does not own his or her own truck but still wishes to drive for the company as an "owner-operator," they may lease a truck from Roadrunner by entering into a lease agreement with the company (the "truck lease").

Roadrunner sets the rates for delivery services completed by these drivers pursuant to an ICOA. Both the ICOA, and the truck lease where

---

[2] The Court's statement of relevant facts is adopted from the First Amended Complaint and Roadrunner's Answer, ECF Nos. 35 and 39, as well as from the parties' submissions on the instant motion.

applicable, make the drivers responsible for the costs of operating and maintaining their truck, including fuel, repairs, and insurance. These drivers receive weekly "Contractor Settlements" that detail the net compensation they receive after the costs for which they are responsible under the ICOA and/or the truck lease are deducted.

Placide is a long-haul truck driver who contracted to drive with Roadrunner under two such ICOAs, and additionally entered a truck lease with Roadrunner. Placide alleges that Roadrunner, and the other yet-unnamed Defendants as part of Roadrunner's operation, have misclassified him and like drivers who entered into ICOAs with the company as independent contractors, when they are in fact employees subject to federal and state wage and hour law. He avers that he and like drivers were required to sign ICOAs in order to work for Roadrunner, and that they had no opportunity to negotiate the terms of their agreements. In support of his position, Placide points to the amount and degree of control Roadrunner has, pursuant to the ICOAs, over these drivers' work assignments, work performance, rates of pay, choice of equipment, and truck maintenance, arguing that these practices prevent the drivers from running truly independent contractor businesses. Moreover, Placide alleges that Roadrunner's policy of classifying these drivers as independent contractors shifts significant business costs onto the drivers, resulting in Roadrunner's failure—in violation of the FLSA—to pay the drivers the federal minimum wage for all hours worked.

2. **ANALYSIS**

Conditional certification of a collective action is distinct from the procedure normally applied to class litigation under Federal Rule of Civil Procedure 23. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579–80 (7th Cir. 1982).

In an FLSA action, class members must "opt in to be bound, while [Rule 23 class members] must opt out not to be bound." *Id.* Conditional certification enables notification to putative class members so that they may affirmatively opt in to the collective action and class discovery may be taken. *Woods*, 686 F.2d at 579–80. Once this is done, the plaintiff can move for final, full certification of the collective action (or defendant may move for decertification), at which point the Court will "reevaluate the conditional certification 'to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis.'" *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 848 (N.D. Ill. 2008) (citing and quoting *Heckler v. D.K. Funding, LLC*, 313 F. Supp. 2d 777, 779 (N.D. Ill. 2007)); *see also Brabazon v. Aurora Health Care, Inc.*, No. 10-cv-714, 2011 WL 1131097, at *2 (E.D. Wis. Mar. 28, 2011) (noting that the second step in the inquiry is where the Court "determine[s] whether the opt-ins are in fact similarly situated").

For conditional certification, the plaintiff must make only "a modest factual showing sufficient to demonstrate that [he] and potential [opt-in] plaintiffs together were victims of a common policy or plan that violated the law" and therefore are "similarly situated." *Brabazon*, 2011 WL 1131097, at *2 (quoting *Adair v. Wis. Bell, Inc.*, No. 08-cv-280, 2008 WL 4224360, at *3 (E.D. Wis. Sept. 11, 2008)). District courts employ a "'lenient interpretation' of the term 'similarly situated.'" *Jirak*, 566 F. Supp. 2d at 848 (quoting *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004)). "At this stage, the Court does not make merits determinations [including resolving factual disputes], weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant." *Steger v. Life Time Fitness, Inc.*, No. 14-CV-6056, 2016 WL 6647922, at *1 (N.D. Ill. Nov. 10,

2016); *see also Fares v. H, B, & H. LLC*, No. 21-CV-753, 2022 WL 72081, at *2 (E.D. Wis. Jan. 7, 2022). "[T]he focus of this inquiry is 'not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated.'" *Brabazon*, 2011 WL 1131097, at *3 (quoting *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y.2005)). Thus, at this stage, Placide must make a sufficient showing that Roadrunner "maintains an unlawful policy to not pay plaintiff and similarly situated employees for all time worked, including failing to pay them [at or above the federal and state minimum wage] and wrongfully classifying . . . employees as independent contractors." *Hudson*, 237 F. Supp. 3d at 799.

As the basis for conditional certification, Placide argues that all putative collective members signed ICOAs, which were substantively identical in all material terms, and therefore that all putative collective members were subject to Defendants' policy of misclassification and resulting wage law violations. ECF No. 32 at 2. Placide supports his argument with his own declaration, in which he states that the ICOAs "signed by Plaintiff and other delivery drivers are all materially the same" and that he "was required to sign the ICOA at the start of [his] employment and . . . witnessed other drivers also be required" to do the same. ECF No. 32-1 at 2. He states that Roadrunner controlled his ability to "take loads from different trucking companies[,] purchase gasoline[,] and decide where to obtain repairs." *Id.* at 3. He further states that he has personal knowledge that other drivers who had ICOAs with Roadrunner "were not permitted to make deliveries for other companies *without* Defendant's permission" and were responsible for the costs of fuel and truck repairs, and that Roadrunner dictated the locations at which they could obtain fuel and

repairs. *Id.* at 3–4. Placide additionally has submitted the two ICOAs he executed with Roadrunner. ECF Nos. 5-1 and 5-2. Excerpts from his deposition have also been entered into the record, ECF No. 40-1 and 41-1, and both parties cite to his deposition testimony in support of their respective positions.

This evidence standing alone is not sufficient to meet the requisite "'modest factual showing . . . of a common policy or plan that violated the law.'" *Brabazon*, 2011 WL 1131097, at *2. "Although there is no formula for the type or amount of evidence necessary to make the modest factual showing, in this district, plaintiffs generally put forth multiple declarations from putative class members and/or deposition testimony from the parties." *Fares*, 2022 WL 72081, at *2; *see also Brabazon*, 2011 WL 1131097, at *3–4 (finding plaintiff made a modest factual showing when he supported his allegations with the declarations of nine putative plaintiffs and the deposition testimony of several of the defendant's corporate representatives). Despite the "lenient" standard applied at the conditional certification stage, some district courts have denied conditional certification when the parties presented the court with an insufficient record on which to determine whether the plaintiff and putative collective members were similarly situated. *See, e.g.*, *Pfahler v. Consultants for Architects, Inc.*, No. 99 C 6700, 2000 WL 198888, at *2 (N.D. Ill. Feb. 8, 2000) ("Pfahler provides no grounds indicating his knowledge of the work other workers performed, the circumstances under which work was performed, or the circumstances of potential claimants affecting their desire to work as independent contractors or employees."); *Ford v. MIJ, Inc.*, No. 2:20-CV-353-HAB, 2021 WL 2134570, at *3 (N.D. Ind. May 25, 2021) (finding that named plaintiff's complaint and declaration, which did not identify other putative plaintiffs

nor indicate named plaintiff's basis for her knowledge of other workers' circumstances, were insufficient to support conditional certification).

Here, Placide's declaration, ICOAs, and deposition testimony, standing alone, are not enough to support conditional certification of the FLSA collective. This material largely speaks to Placide's own experience; without more, the Court cannot conclude his experience mirrors that of other drivers or that his ICOA mirrors those other drivers signed. Placide argues that Roadrunner has not challenged or denied "that all Drivers signed similar ICOAs" or "that the specific allegations contained in [his] Declaration and supporting testimony apply equally to *all* Drivers." ECF No. 41 at 3, 6. Roadrunner, however, appears specifically not to concede this point, highlighting that Placide himself "signed two different ICOAs" and has no personal knowledge of the terms of other drivers' ICOAs. ECF No. 40 at 10. Additionally, while Placide argues Roadrunner does not refute the allegations in his declaration, those allegations he cites as unrefuted are largely only about Placide's own experience and knowledge. *Compare* ECF No. 41 at 6 *with* ECF No. 32-1 at 2–4. The Court cannot construe this as Roadrunner having effectively admitted those allegations with respect to all drivers. *See Martinez v. Regency Janitorial Servs., Inc.*, No. 11-C-259, 2012 WL 252230, at *1 (E.D. Wis. Jan. 26, 2012) ("While the court need not resolve the substantive merits of the plaintiffs' claims at this preliminary stage, the court is not required to accept the plaintiffs' allegations as true.")

For its part, the amended complaint contains no allegation that all drivers signed substantially similar ICOAs which Defendants could have either admitted or denied. *See* ECF No. 35; *but see* ECF 39 (Roadrunner's Answer) at 20 (admitting that contractors are responsible for certain expenses identified in the ICOAs), 37 (admitting that the ICOAs contain a

choice of law provision). Given the upcoming dispositive motion deadline in this case—presumably, at least some modicum of discovery material beyond Placide's declaration, deposition, and ICOA is available to both parties—it is puzzling why Placide chose to rely on his declaration to show all drivers entered into materially similar ICOAs when he could have submitted declarations and ICOAs from multiple other drivers to allow the Court to draw comparisons. In any event, at this juncture, the Court is compelled to conclude that, on the record submitted, Placide has not met his burden for conditional certification.

The Court pauses to address Roadrunner's other main argument in opposition to conditional certification, namely, that plaintiffs have not established all drivers are similarly situated in terms of their classification as independent contractors. ECF No. 40 at 8. It is true that plaintiffs in an FLSA case "cannot recover on their claims under this statute unless the evidence establishes that they are . . . employees rather than independent contractors." *Blakley v. Celadon Grp., Inc.*, No. 116CV00351SEBTAB, 2017 WL 6989080, at *3 (S.D. Ind. Oct. 18, 2017). Neither the FLSA's minimum wage and collective action provisions nor its implementing regulations define "independent contractor," making this determination a fact-intensive inquiry. *See* 29 U.S.C. §§ 203(g), 206, and 216(b); *see also* Independent Contractor Status Under the Fair Labor Standards Act (FLSA): Withdrawal, 86 Fed. Reg. 24303 (May 6, 2021). Despite the fact-intensive inquiry ultimately required to determine whether a plaintiff or collective member was properly classified under the FLSA, at the conditional certification stage, numerous district courts in the Seventh Circuit have allowed FLSA collective actions to proceed on a misclassification theory. *See, e.g., Fares*, 2022 WL 72081; *Hudson v. Protech Sec. Grp., Inc.*, 237 F. Supp. 3d 797 (N.D.

Page 8 of 10
Case 2:21-cv-01004-JPS   Filed 08/25/22   Page 8 of 10   Document 42

Ill. 2017); *Lechuga v. Elite Eng'g, Inc.*, 503 F. Supp. 3d 741 (N.D. Ill. 2020); *Dawkins v. NR 1 Transp., Inc.*, No. 20 C 4063, 2021 WL 4125086 (N.D. Ill. Sept. 8, 2021); *Nicks v. Koch Meat Co.*, 265 F. Supp. 3d 841 (N.D. Ill. 2017); *Woods v. Club Cabaret, Inc.*, 140 F. Supp. 3d 775 (C.D. Ill. 2015). Because this is fundamentally a merits question, Roadrunner should reconsider raising arguments to this effect should Placide move again for conditional certification of the FLSA collective.

Because the Court does not grant Placide's request, it will also not authorize notice at this time, but does take note of Roadrunner's objections to the form and content of the notice, ECF No. 40 at 15–16, and Placide's agreement to revise the notice accordingly, ECF No. 41 at 13–14. Given that the parties appear to be on the same page in this aspect of conditional certification, should Placide move again for conditional certification of the FLSA collective, the parties are directed to meet and confer on the form of the notice and certify, in a filing on the docket, that they have done so. Ideally, the parties will file a stipulated version of the notice to be sent.

**3.     CONCLUSION**

For the reasons stated above, the Court will deny without prejudice Placide's motion for conditional certification. The Court further notes this litigation has been pending for well over a year. That the parties' disagreements on the instant motion apparently stem from a lack of discovery material in the record is concerning. In this Court, the parties themselves are primarily responsible for managing the discovery timeline. *See* ECF Nos. 17 and 18. The Court expects that the parties will cooperate in assembling sufficient evidence to support future submissions.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for conditional certification of the FLSA collective action, ECF No. 31, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that, if Plaintiff re-files his motion for conditional certification of the FLSA collective action, the parties shall confer on the proper form of the notice and certify, in a filing on the docket, that they have done so.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge